## Illinois Southern Railway Company v. Oscar Garrison.

1. VERDICT—*when not disturbed.* A verdict will not be set aside on appeal as against the weight of the evidence unless clearly and palpably so.

Action on the case for personal injuries. Appeal from the Circuit Court of Marion County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the February term, 1905. Affirmed. Opinion filed September 8, 1905.

F. M. TRISSAL, R. J. GODDARD and L. M. KAGY, for appellant.

W. F. BUNDY and FRANK F. NOLEMAN, for appellee.

I. S. Ry. Co. v. Garrison.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellant prosecutes this appeal to review a judgment in favor of appellee, for personal injuries sustained by him, by being struck by one of appellant's trains, while he was standing on a street crossing at Centralia, Illinois.

The declaration contained five counts. The first charged negligence on the part of appellant's servants in not blowing the whistle or ringing the bell as they approached the public highway. The second, in not ringing the bell continuously while in the city limits as provided by the city ordinance. The third, the running of a passenger train in the city limits at a rate of speed in excess of ten miles an hour, contrary to the ordinance. The fourth, in wilfully and wantonly operating said locomotive at a high and dangerous rate of speed, without sounding the whistle or warning appellee, they well knowing his presence and perilous position. The fifth, wilfulness and wantonness in running the train at a speed to exceed ten miles an hour as fixed by the ordinance, without sounding the whistle or otherwise warning appellee of its approach.

Appellant, the Illinois Southern Railway Company, has no tracks or depot facilities in Centralia, but uses the tracks and depot of the Illinois Central Railroad Company. Crossing Third North street where the injury occurred and running nearly north and south, are thirteen railroad tracks, the three on the west belonging to the Chicago, Burlington & Quincy Railway and the ten tracks east of them, to the Illinois Central Railroad. The depot, which is also used by the Chicago, Burlington & Quincy Railway, is located on the west side of the railroad tracks and on the south side of Third North street. That street is one of the principal thoroughfares of the city crossing the tracks and on the north side of it was a sidewalk running east and west. The Illinois Central Railroad operates a double track system and its south-bound main track was on the west side next to the Chicago, Burlington & Quincy tracks. East of said south-bound main track, a distance of some ten feet, at

the sidewalk crossing, was what was known as a lead track and between those two tracks there was a cross-over track, connecting the two.

Appellee, a man thirty-three years of age, owned and operated a saw mill some nine miles from Centralia. On April 30, 1904, he went to Centralia in the wagon of some neighbors, who promised to take back for him a cut-off saw, which had been shipped to him over appellant's railroad and was near the depot. They arrived in town about noon and, after attending to his own business, appellee put in his time with some friends while waiting for his neighbors to transact their business and return home. During this time he drank several glasses of beer. Between four and five o'clock he went to the station where his saw was and not finding his neighbors there with the team, started east along the sidewalk on the north side of Third North street to find them. He crossed over the Chicago, Burlington & Quincy Railway tracks and the south-bound track of the Illinois Central Railroad, used by appellant, when he was stopped by a freight train backing north on the lead track. While standing between the tracks waiting for the freight train to go by, he was struck by the pilot beam of one of appellant's engines which protruded over the rail about a foot, was knocked down and severely and permanently in-jured.

The verdict and judgment in favor of appellee were for $1,500. Appellant complains that the court erred in refusing to instruct the jury to disregard the evidence as to the first and second counts of the declaration, and in denying defendant's motion for a new trial, and rendering a judgment " not manifestly supported by the greater weight of the evidence " in the case.

The allegations of the first two counts related to the charge of the failure to ring the bell or blow the whistle of the engine and counsel for appellant, while admitting there was some evidence for appellee to the effect that the whistle did not blow, insists that the uncontradicted evidence is, that the bell was started to ringing more than half

I. S. Ry. Co. v. Garrison.

a mile before Third North street was reached, and was kept continuously ringing from that point to a point south of the crossing where the train came to a standstill.

Upon this subject appellee testified that he did not hear any bell or whistle on the approach to the train. The witness Lee Wallace, who was riding on the steps of the coach of the train, which struck appellee, testified that he was listening for the whistle and that " I did not hear any signals either by blowing of whistle or of the ringing of the bell. I could have heard it from where I was."

The witness D. S. Wallace testified that he was sitting on the platform from 90 to 100 feet from where appellee was struck, and that he did not hear any signals given by bell or whistle before the train struck him. It thus appears that there was in fact some evidence tending to show that the bell was not ringing at the time of the injury.

The ringing of the bell, the sounding of the whistle, the speed of the train, whether appellee was at the time of the injury under the influence of liquor, and whether at said time he was in the exercise of due care for his own safety, were all questions of fact for the jury upon which there was a contrariety of evidence and we find nothing in the record to lead us to disturb their verdict.

Appellant in his brief complains of instruction number 1 given for appellee in regard to the measure of damages, for the reason that it refers to loss of wages, if any there was, as an element of damage and states there was no evidence tending to show that appellee had ever worked for wages or to show the value of such labor as he could perform as a wage earner, either before or after his injury. Plaintiff testified that his earning ability in connection with his saw mill was from $3 to $5 a day and that he assisted in the work of running the mill. While the word "wages" is not used, we think the evidence in regard to his earnings was sufficient to justify the instruction. In his statement of the case, appellant also complains of the action of the court in refusing to give instruction numbered 9 offered by him. No reason is advanced by appellant why said instruc-

tion should have been given and an examination of it shows that it tells the jury that if they found certain facts to exist the defendant was guilty of negligence. Whether or not appellee would have been guilty of negligence had the facts existed as supposed in the instruction, was not a question of law but a question of fact for the jury. The instruction was also defective in that it left out important elements in the case.

The judgment of the court below will be affirmed

*Affirmed.*